UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA O'DELL, | ) | CIVIL ACTION NO. 4:19-CV-1583 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | (ARBUCKLE, M.J.) |
| | ) | |
| ANDREW SAUL, | ) | |
| Defendant | ) | |

MEMORANDUM OPINION

I.   INTRODUCTION

Plaintiff Diana O'Dell, an adult individual who resides within the Middle District of Pennsylvania, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1383(c)(3).

This matter is before me, upon consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 14). After reviewing the parties' briefs, the Commissioner's final decision, and the relevant portions of the certified administrative transcript, I find the Commissioner's final decision is not supported by substantial evidence. Accordingly, for the reasons stated herein the Commissioner's final decision is VACATED.

II.   BACKGROUND & PROCEDURAL HISTORY

On November 8, 2012, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Admin. Tr. 337; Doc. 10-8, p. 5). In these applications, Plaintiff alleged she became disabled as of July 4, 2012, when she was 43 years old, due to the following conditions: left foot injury problems and arthritis (upper back). (Admin. Tr. 179; Doc. 10-6, p. 6). Plaintiff alleges that the combination of these conditions affects her ability to lift, stand, walk, climb stairs, kneel, and squat. (Admin. Tr. 191-92; Doc. 10-6, p. 18). Plaintiff has at least a high school education and is able to communicate in English. (Admin. Tr. 344). Before the onset of her impairments, Plaintiff worked as an inspector and hand packager. (Admin. Tr. 343; Doc. 10-8, p. 11).

On February 6, 2013, Plaintiff's applications were denied at the initial level of administrative review. (Admin. Tr. 337; Doc. 10-8, p. 5). Plaintiff appealed. *Id.* On March 24, 2014, Plaintiff, assisted by her counsel, appeared and testified during a video hearing before Administrative Law Judge Patrick Flanagan ("ALJ Flanagan"). *Id.* On August 4, 2014, the ALJ issued a decision denying Plaintiff's applications for benefits. *Id.* Plaintiff appealed. *Id.* On November 4, 2015, the Appeals Council denied Plaintiff's request for review. *Id.*

On December 8, 2015, Plaintiff appealed the decision of the Appeals Council to the United States District Court. (Admin. Tr. 400; Doc. 10-9, p. 27). On September 15, 2017, United States District Judge William J. Nealon found that the Commissioner's August 2014 decision was not supported by substantial evidence and remanded the matter for further proceedings. (Admin. Tr. 432; Doc. 10-9, p. 59). Specifically, Judge Nealon reasoned that:

> The [ALJ] cannot speculate as to a claimant's [RFC], but must have medical evidence, and generally a medical opinion regarding the functional capacities of the claimant, supporting his or her determination. The ALJ's decision to discredit, at least partially, every [RFC] assessment proffered by medical experts left her without a single medical opinion to rely upon. Therefore, because it is unclear as to how the ALJ concluded that Plaintiff was able to lift up to 20 pounds occasionally, pursuant to 42 U.S.C. § 405(a), remand is warranted.

*Id.* at 424-31.

On March 5, 2019, a second hearing was held before ALJ Bruce S. Fein ("ALJ Fein"). (Admin. Tr. 337; Doc. 10-8, p. 5). Plaintiff and her counsel appeared by video. Vocational Expert Linda Voss and Medical Expert Dr. Debra Pollack appeared via telephone.

On June 10, 2019, ALJ Fein issued a decision denying Plaintiff's applications for benefits. (Admin. Tr. 345; Doc. 10-8, p. 14). On September 12, 2019, Plaintiff initiated this action by filing a complaint. (Doc. 1). In her Complaint, Plaintiff alleges that ALJ Fein's decision denying her applications is not supported by substantial evidence, and improperly applies the relevant law and regulations. (Doc.

1). As relief, Plaintiff requests that the Court find the Plaintiff disabled or, in the alternative, remand the case for further proceedings. (Doc. 12 p. 16).

On November 13, 2019, the Commissioner filed an answer. (Doc. 9). In the answer, the Commissioner maintains that the decision holding that Plaintiff is not entitled to disability insurance benefits was made in accordance with the law and regulations and is supported by substantial evidence. *Id.* Along with the answer, the Commissioner filed a certified transcript of the administrative record. (Doc. 10).

Plaintiff's Brief (Doc. 12), the Commissioner's Brief (Doc. 16), and Plaintiff's Reply Brief (Doc. 19) have been filed. This matter is now ripe for decision.

III.  STANDARDS OF REVIEW

   A.   SUBSTANTIAL EVIDENCE REVIEW – THE ROLE OF THIS COURT

When reviewing the Commissioner's final decision denying a claimant's application for benefits, this Court's review is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood,* 487 U.S. 552,

565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). But in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).

"In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). The question before this Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence.") (alterations omitted); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The Secretary's determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope

of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues . . . .").

      B.      STANDARDS GOVERNING THE ALJ'S APPLICATION OF THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To receive benefits under the Social Security Act by reason of disability, a claimant must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 404.1505(a); 20 C.F.R. § 416.905(a).[1] To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 404.1505(a); 20 C.F.R. § 416.905(a). To receive benefits under Title II of the Social Security Act, a claimant must show that he or she contributed to the insurance program, is under retirement age, and became disabled prior to the date on which he or she was last insured. 42 U.S.C. § 423(a); 20 C.F.R. § 404.131(a).

---

[1] Throughout this Report, I cite to the version of the administrative rulings and regulations that were in effect on the date the Commissioner's final decision was issued. In this case, the ALJ's decision, which serves as the final decision of the Commissioner, was issued on June 10, 2019.

In making this determination at the administrative level, the ALJ follows a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a). Under this process, the ALJ must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).

Between steps three and four, the ALJ must also assess a claimant's RFC. RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (citations omitted); *see also* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.920(e); 20 C.F.R. § 416.945(a)(1). In making this assessment, the ALJ considers all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis. 20 C.F.R. § 404.1545(a)(2); 20 C.F.R. § 416.945(a)(2).

At steps one through four, the claimant bears the initial burden of demonstrating the existence of a medically determinable impairment that prevents him or her in engaging in any of his or her past relevant work. 2 U.S.C. § 423(d)(5);

42 U.S.C. § 1382c(a)(3)(H)(i) (incorporating 42 U.S.C. § 423(d)(5) by reference); 20 C.F.R. § 404.1512(a); 20 C.F.R. § 416.912(a); *Mason*, 994 F.2d at 1064. Once this burden has been met by the claimant, it shifts to the Commissioner at step five to show that jobs exist in significant number in the national economy that the claimant could perform that are consistent with the claimant's age, education, work experience and RFC. 20 C.F.R. § 404.1512(b)(3); 20 C.F.R. § 416.912(b)(3); *Mason*, 994 F.2d at 1064.

The ALJ's disability determination must also meet certain basic substantive requisites. Most significant among these legal benchmarks is a requirement that the ALJ adequately explain the legal and factual basis for this disability determination. Thus, to facilitate review of the decision under the substantial evidence standard, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Conflicts in the evidence must be resolved and the ALJ must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id.* at 706-707. In addition, "[t]he ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." *Schaudeck v. Comm'r of Soc. Sec.*, 181 F. 3d 429, 433 (3d Cir. 1999).

IV.   DISCUSSION

Plaintiff did not include a separate statement of errors in her brief. *See* L.R. 83.40.4(b) (requiring that all briefs include a statement of errors in which all errors alleged are set forth in numbered paragraphs). However, I will construe Plaintiff's brief as raising the following three issues:

(1)   "The ALJ's RFC Determination is Not Supported by Substantial Evidence." Doc. 12 p. 9.

(2)   "The ALJ Fails to Assess All Severe Impairments." (Doc. 12 p. 14).

(3)   "The Step Five Determination is Not Supported by Substantial Evidence." (Doc. 12 P. 15).

A.   SUMMARY OF ALJ FEIN'S DECISION DENYING PLAINTIFF'S APPLICATIONS

In his June 2019 decision, ALJ Fein found that Plaintiff met the insured status requirement of Title II of the Social Security Act through September 30, 2015. (Admin. Tr. 340; Doc. 10-8, p. 8). Then, Plaintiff's applications were evaluated at steps one through five of the sequential evaluation process.

At step one, ALJ Fein found that Plaintiff had not engaged in substantial gainful activity since July 4, 2012, Plaintiff's alleged onset date. *Id.* At step two, ALJ Fein found that, during the relevant period, Plaintiff had the following medically determinable severe impairments: a back impairment, a neck impairment, and obesity. *Id.* Also at step two, ALJ Fein assessed that Plaintiff had medically determinable non-severe impairment of left ankle injury, and that Plaintiff had no

medically determinable mental impairment. *Id.* At step three, ALJ Fein found that, during the relevant period, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Between steps three and four, ALJ Fein assessed Plaintiff's RFC. ALJ Fein found that, during the relevant period, Plaintiff retained the RFC to engage in light work as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b) except that:

> she is unable to climb ladders, ropes, and/or scaffolds, and she can only occasionally perform all other postural activities. The claimant cannot have exposure to unprotected heights.

(Admin. Tr. 341; Doc. 10-8, p. 9).

At step four, ALJ Fein found that, Plaintiff could not engage in any past relevant work as an inspector or hand packager. (Admin. Tr. 343; Doc. 10-8, p. 11). At step five, ALJ Fein found that, considering Plaintiff's age, education, and work experience, Plaintiff could engage in other work that existed in the national economy. *Id.* at 344. To support his conclusion, ALJ Fein relied on testimony given by a vocational expert during Plaintiff's administrative hearing and cited the following three (3) representative occupations: routing clerk, DOT#222.587-038; office helper, DOT#239.567-010; and photocopy machine operator DOT#207.685-014. *Id.* at 344.

B.   WHETHER ALJ FEIN FAILED TO ASSESS ALL OF THE PLAINTIFF'S SEVERE IMPAIRMENTS AT STEP TWO OF THE SEQUENTIAL ANALYSIS

At step two of the sequential evaluation process, the ALJ considers whether a claimant's impairment is (1) medically determinable or non-medically determinable, and (2) severe or non-severe; this step is essentially a threshold test. 20 C.F.R. § 404.1520(a)(4)(ii); 20 C.F.R. § 416.920(a)(4)(ii).

To be found medically determinable, an impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521; 20 C.F.R. § 416.921; *see also* 20 C.F.R. § 404.1502 (defining objective medical evidence, laboratory findings, and signs); 20 C.F.R. § 416.902 (defining objective medical evidence, laboratory findings, and signs). This means that, to be considered, an impairment must be established by objective medical evidence from an acceptable medical source. A claimant's statement of symptoms, a diagnosis that is not supported by objective evidence, or a medical opinion not supported by objective evidence, is not enough to establish the existence of an impairment. *Id.*; SSR 16-3p, 2017 WL 5180304 at *2 ("an individual's statement of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability."); *see also* 20 C.F.R. § 404.1502(i) (defining symptoms); 20 C.F.R. § 416.902(i) (defining symptoms). A claimant's symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect a

claimant's ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment is present. 20 C.F.R. § 404.1529(b); 20 C.F.R. § 416.929(b). Thus, non-medically determinable impairments are excluded from an ALJ's RFC assessment.

Plaintiff argues:

> The ALJ failed to properly consider and assess all severe impairments and, in particular, her psychiatric impairments and did not include the limiting effect of those impairments in the residual functional capacity ("RFC") determination. At Step Two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work." SSR 85–28, 1985 SSR LEXIS 19, at *6–7; 20 C.F.R. § 404.1521. Step two of the five-part analysis is, thus, limited to screening out de minimis claims. *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). Here, the ALJ's Step 2 and RFC determinations are the product of legal error and not otherwise supported by substantial evidence.
>
> The ALJ states that Plaintiff "has also reported a history of traumatic experiences," but claims that "she had no ongoing abnormal findings." Tr. 340. This is error. Plaintiff suffered trauma which has resulted in post-traumatic stress disorder. Tr. 874, 876, 895. She has been diagnosed with PTSD and anxiety, which the ALJ does not even acknowledge. Tr. 883. Records note that "people can trigger stress." Tr. 884. She is depressed and anxious. Tr. 891, 894, 897, 904, 913. She struggles including "feeling lonely and feeling overwhelmed. . . She shares feeling paralyzed with the memory of being called stupid and worthless that she cannot organize her thoughts or slow them down enough to function." Tr. 895, 898, 907. These are psychiatric symptoms that can cause more than de minimis work-related limitations. In fact, it is expressly noted that her racing thoughts interfere with her ability

> to function. Tr. 895. Notwithstanding this evidence, there is no discussion of whether Plaintiff's psychiatric impairments meet or medical equal a listed impairment at Step 2, the ALJ does not perform the Psychiatric Review Technique, there is no discussion of any psychiatric related impairments in the ALJ's RFC analysis, and there are not psychiatric related limitations included in the RFC. Remand is warranted where, as here, the omitted impairment is not properly accounted for in the ALJ's RFC determination. *See Hamilton v. Colvin*, 3:09-CV-1199 FJS/VEB, 2013 WL 951343, at * 7 (N.D.N.Y. Mar. 12, 2013); *Lasiege v. Colvin*, No. 7:12-CV-01398 NAM, 2014 WL 1269380, at *10 (N.D.N.Y. Mar. 25, 2014).

(Doc. 12, pp. 14-15).

In response, the Commissioner argues:

Here, Plaintiff argues that the ALJ should have identified PTSD and anxiety as medically determinable impairments based on diagnosis of the same (Pl's. Br. at 12). However, the regulation further clarifies, "We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)."20 C.F.R. § 404.1521 (emphasis supplied). In other words, the existence of a medically determinable mental or physical impairment cannot be established in the absence of objective medical evidence. *Id.*

In this case, the ALJ explained why Plaintiff did not have a medically determinable mental impairment (Tr. 340). The ALJ did not ignore Plaintiff's trauma but, rather, explicitly noted her "history of traumatic experiences" and cited the evidence from Friendship House that included the diagnosis of PTSD and anxiety (Tr. 340, citing Exh. 16F; Tr. 876, 883, 900, 903). Despite this history and diagnosis, the ALJ explained there was no evidence of any medically determinable mental impairment (Tr. 340). The ALJ stressed that all of Plaintiff's clinical findings from Friendship House evaluations were normal, including that she exhibited a cooperative attitude, organized thoughts, clear speech, and an appropriate attention span (Tr. 340, citing Exh. 16F generally, and Tr. 876, 892). The ALJ further noted that Plaintiff did not display any ongoing abnormal findings at future visits (Tr. 340, citing Tr. 892, 895, 898).

> Next, the ALJ pointed to other evidence from Plaintiff's endocrinologist Wynn Htun, M.D., showing Plaintiff exhibited a normal affect during evaluations (Tr. 340, citing Tr. 1025, 1039, 1050, 1066). Finally, the ALJ found it compelling that when applying for SSI and DIB, Plaintiff did not even identify a mental impairment as a contributing factor in her alleged disability on her Adult Disability Form (Tr. 340, citing Tr. 179).
>
> All of these factors constitute more than a mere scintilla of evidence to support the ALJ's conclusion that Plaintiff did not have a medically determinable mental impairment. *Biestek*, 139 S. Ct. at 1154. Plaintiff here did not satisfy the threshold requirement, set forth in 20 C.F.R. § 404.1521, of demonstrating by objective medical evidence a mental impairment capable of causing the symptoms she now alleges because the above substantial evidence supports the ALJ's determination that plaintiff did not have a medically determinable mental impairment through June 10, 2019. Therefore, the ALJ was not obligated to conduct a step three analysis related to a mental impairment, conduct a psychiatric review technique, or account for any mental impairment symptoms in the RFC finding.

(Doc. 16, pp. 19-21).

At step two of the sequential evaluation process, ALJ Fein found that Plaintiff did not have a medically determinable mental impairment. In doing so, he explained:

> The claimant has also reported a history of traumatic experiences (Exhibit 16F). However, at her assessment, all clinical findings were normal (Exhibit 16F). Specifically, the claimant had a cooperative attitude, organized thoughts, clear speech and an appropriate attention span (Exhibit 16F, p. 5 and p. 21). Other records describe a normal affect (Exhibit 19F, p. 21, p. 32, and p. 48). She had no ongoing abnormal findings (Exhibit 16F, p. 21, p. 24 and p. 27). Finally, she did not allege any mental impairments on her Adult Disability Report (Exhibit 2E, p. 2). Based on the above, I find no evidence of any medically determinable mental impairment.

(Admin. Tr. 340; Doc. 10-8, p. 8).

As an initial matter, I note that there is no evidence that Plaintiff suffered from a mental health condition in the records submitted before Plaintiff's March 2014 hearing with ALJ Flanagan. Therefore, it does not seem unusual that Plaintiff's mental health symptoms were not included in the Adult Disability Report generated before Plaintiff had been diagnosed with or sought treatment for a mental health condition.[2]

In his decision, ALJ Fein references Plaintiff's report of a "history of traumatic experiences" but does not note that in various medical records Plaintiff has been diagnosed with and treated for depression, anxiety, and post-traumatic stress disorder. Treatment records dated March 8, 2016, document a diagnosis of anxiety. (Admin. Tr. 612; Doc. 10-14, p. 9). Plaintiff was prescribed Duloxetine (Cymbalta). *Id.* Treatment records dated June 8, 2016, document a diagnosis of Anxiety. (Admin. Tr. 654, 660; Doc. 10-14, p. 51, 10-15, p. 2). On September 8, 2016, treating source Archana Anil Chaudhari, M.D. ("Dr. Chaudhari") completed a Medical Assessment form for the Pennsylvania Department of Human Services.

---

[2] Although the Adult Disability Report was undated, it appears that this Report was completed as part of the initial review of Plaintiff's claims and was added to the record before ALJ Flanagan issued his decision in 2014. (Admin. Tr. 26; Doc. 10-2, p. 26). In 2014, the only evidence in the record related to any mental impairment appeared to be a single treatment note speculating that short periods of palpitations "may be associated with dyspnea anxiety," but noting that Plaintiff reported that the palpitations stopped before the feeling of anxiety. (Admin. Tr. 309; Doc. 10-7, p. 85).

(Admin. Tr. 665-667; Doc. 10-15, pp. 7-9). On that form, Dr. Chaudhari identified that Plaintiff was diagnosed with anxiety. *Id.* Treatment records from the same day document a diagnosis of depression and increase Plaintiff's dosage of Cymbalta (from once daily to twice daily). (Admin. Tr. 673; Doc. 10-15, p. 15). On or around January of 2017, the Cymbalta was discontinued at Plaintiff's request. The diagnoses of depression and anxiety were dropped from the treatment records. There is no further mention of any mental health issues until May 2018, when a counselor diagnosed Plaintiff with post-traumatic stress disorder and recommended that Plaintiff attend counseling sessions weekly. (Admin. Tr. 876-877; Doc. 10-19, pp. 6-7). It appears that Plaintiff was attending weekly counseling sessions up until the March 2019 hearing. (Admin. Tr. 362; Doc. 10-8) (testifying that she sees a counselor named Maria at Friendship house every week). It is not clear whether ALJ Fein was addressing each of these diagnoses when he assessed that Plaintiff reported "a history of traumatic experiences" at step two.

Although ALJ Fein noted that Plaintiff had no *ongoing* abnormal findings, it appears that Dr. Chaudhari and Plaintiff's counselors did note some abnormal findings. When establishing care with Dr. Chaudhari in March of 2016, Plaintiff reported anxiety, which was severe at times and affected her work and sleep. (Admin. Tr. 608; Doc. 10-14, p. 5). On examination, it was noted that Plaintiff had a "normal" affect. (Admin. Tr. 611; Doc. 10-14, p. 8). However, Dr. Chaudhari

prescribed Plaintiff medication to treat her anxiety. (Admin. Tr. 612; Doc. 10-14, p. 9). On June 6, 2016, Dr. Chaudhari noted that Plaintiff had an anxious affect. (Admin. Tr. 654; Doc. 10-14, p. 51). On September 8, 2016, Dr. Chaudhari noted that Plaintiff had an anxious affect. (Admin. Tr. 672; Doc. 10-15, p. 14). On September 30, 2016, Plaintiff had a normal affect. (Admin. Tr. 701; Doc. 10-15, p. 43). On November 3, 2016, Plaintiff had a normal affect. (Admin. Tr. 716; Doc. 10-15, p. 58). The other treatment notes from Geisinger while Plaintiff was under Dr. Chaudhari's care between March 2016 and May 2018 do not include any psychiatric observations at all. The counseling records that include objective assessments document anxious or depressed mood during eleven sessions between May 2018 and December 2018. Plaintiff presented with no anxiety or depression during eight sessions. No other abnormalities were noted in the counseling records.

As at the other steps of the sequential evaluation process, at step two the ALJ is obligated to "provide some explanation of why s/he has rejected probative evidence which would have suggested a contrary disposition." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). "[I]n most cases, a sentence or short paragraph would probably suffice." *Id.* Moreover, "a conclusion at step two that a condition is not a medically determinable impairment is reversible error if not supported by substantial evidence." *Shannon v. Astrue,* No. 4:11-CV-289, 2012 U.S. Dist. LEXIS 50978, at *36 (M.D. Pa. Apr. 11, 2012); *see also Crayton v. Astrue*, No. 4:10-CV-1265, 2011

U.S. Dist. LEXIS 139414 at *51-55 (M.D. Pa. Sept. 27, 2011) (remanding where an ALJ did not make a determination as to whether claimant's diagnoses of chronic pain syndrome, GERD, hepatitis C, insomnia, urinary frequency, herpes, and hyperlipidemia were medically determinable).

Upon review of ALJ Fein's discussion of Plaintiff's mental impairments, the determination that Plaintiff's "history of traumatic experiences" is not a medically determinable impairment is not well-explained enough to allow meaningful judicial review. ALJ Fein did not discuss that Plaintiff was diagnosed with depression, anxiety, or PTSD. He also failed to discuss that Plaintiff was, at one time, being prescribed medication for her depression and anxiety, or that at the time of the hearing Plaintiff attended weekly counseling sessions to treat her mental impairments. Absent any discussion, I cannot tell whether ALJ Fein rejected this evidence or did not consider it.

Accordingly, I find that remand is required for further consideration of whether Plaintiff's mental impairments (depression, anxiety, and PTSD) are medically determinable.

C. PLAINTIFF'S REMAINING ARGUMENTS

Plaintiff raised the following additional issues in her brief:

(1) "The ALJ's RFC Determination is Not Supported by Substantial Evidence." (Doc. 12 p. 9).

(2) "The Step Five Determination is Not Supported by Substantial Evidence." (Doc. 12 P. 15).

Plaintiff also challenges ALJ Fein's evaluation of certain medical opinions, including a check-box medical source statement submitted by treating source Adrian Ashdown, M.D. Because I have found a clear basis for remand, I need not discuss Plaintiff's remaining arguments in detail. To the extent any further error occurred, it may be remedied on remand after a new administrative hearing.

V. CONCLUSION

Accordingly, Plaintiff's request for the award of benefits, or in the alternative a new administrative hearing is GRANTED AS FOLLOWS:

(1) The final decision of the Commissioner is VACATED.

(2) This case is REMANDED to the Commissioner to conduct a new administrative hearing pursuant to sentence four of 42 U.S.C. § 405(g).

(3) Final judgment should be issued in favor of Diana O'Dell.

(4) An appropriate Order shall issue.

Date: October 22, 2020					BY THE COURT

								*s/William I. Arbuckle*
								William I. Arbuckle
								U.S. Magistrate Judge